IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40296
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES A. DAVIDSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-01-CR-271-1
--------------------
October 10, 2002

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

James A. Davidson appeals from his conviction of possession
of pseudoephedrine with intent to manufacture methamphetamine.
Davidson contends that the search of the van he was driving
violated the Fourth Amendment.

When reviewing a district court's ruling on a motion to
suppress, we review questions of law *de novo* and factual findings
for clear error. *United States v. Baker*, 47 F.3d 691, 692-93

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

(5th Cir. 1995). We consider the evidence "in the light most favorable to the prevailing party[.]" *Id*. at 693.

Police officers may order passengers to exit a lawfully stopped vehicle. *Maryland v. Wilson*, 519 U.S. 408, 414-15 (1997). Moreover, police may search the passenger compartment of a vehicle during a brief investigatory stop if they possess "'a reasonable belief based on "specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant" the officer in believing that the suspect is dangerous and the suspect may gain immediate control of weapons.'" *Baker*, 47 F.3d at 693 (citations omitted).

Officer Carl Wright did not violate the Fourth Amendment by ordering Stacy Rocha out of the van. *See Wilson*, 519 U.S. at 414-15. We note that the district court thought it irrelevant whether the handgun was seen before the Tupperware container that contained a controlled substance was seen and that the district court made no factual findings on that point. However, if the evidence at the suppression hearing is viewed in the light most favorable to the Government, Officer Wright saw the firearm protruding from under the front seat before he opened the door of the van and ordered Rocha out. Officer Wright not only had reasonable suspicion that the van contained weapons; he knew that it contained at least one weapon. Officer Wright therefore had reasonable suspicion justifying him in opening the door and looking into the van. *See Baker*, 47 F.3d at 693.

AFFIRMED.